UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
PATRICK-MYREE BEY,

               Plaintiff,

     - against -

ALEXANDRA RASO,

               Defendant.
-------------------------------------------------------x

**ORDER**
24-CV-3528 (PKC) (LGD)

PAMELA K. CHEN, United States District Judge:

     On May 14, 2024, Plaintiff Patrick-Myree Bey ("Plaintiff"), who brings this action *pro se*, filed a complaint along with an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (Dkts. 1–2.) On May 29, 2024, the Court denied Plaintiff's IFP application and directed Plaintiff to file a Long Form IFP application or to pay the $405.00 filing fee by June 28, 2024. (Dkt. 5.) The Court reasoned that the information provided by Plaintiff in his initial IFP application was insufficient to establish Plaintiff's inability to afford the filing fee. (*Id.*) On June 10, 2024, Plaintiff filed a Long Form IFP application. (Dkt. 9.) For the reasons stated below, the Court once again denies Plaintiff's IFP application. Plaintiff is granted until July 21, 2024, to file a new Long Form IFP application that provides the information necessary to make an indigency determination, such as an explanation of how Plaintiff supports himself, or to pay the filing fee. Plaintiff is warned that failure to comply with this Order shall result in the dismissal of this action.

     As noted previously, the purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system. *Davis v. NYC Dep't of Educ.*, No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. NYC Health & Hosps. Corp.*, No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)); *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). A plaintiff seeking to proceed IFP must submit an affidavit stating "that [he or she] is unable to pay" filing fees "or

give security therefor." 28 U.S.C. § 1915(a)(1). Section 1915 of the IFP statute authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." *Id.* § 1915(e)(2)(A). Courts in this district often dismiss an action under this provision when a litigant's statement of assets fails to establish the level of poverty required under the IFP statute. *See, e.g.*, *Miller v. Smith*, No. 21-CV-2949, 2021 WL 2894973, at *2–3 (E.D.N.Y. June 2, 2021); *Humphrey v. U.S. Army Corps of Eng'rs*, No. 21-CV-1901, 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021). "When an applicant fails to explain how he supports himself, courts generally regard his application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status." *Dan M. v. Kijakazi*, No. 22-CV-664, 2022 WL 2069112, at *2 (D. Conn. May 19, 2022).

Once again, Plaintiff's IFP application does not satisfy the Court that he is unable to pay the filing fee to commence this action. (*See* Dkt. 5 at 2 (discussing Plaintiff's previous IFP application).) Plaintiff writes that he has "0.00" expenses, assets, and income. (*See generally* Dkt. 9.) "'Because no one can live on no income and no assets,' affidavits asserting that the plaintiff has no income and no assets *without further explanation* 'must be incomplete and, by extension, fail to support *in forma pauperis* status.'" *Jones v. ACS/Queens Field Off.*, No. 23-CV-5742, 2024 WL 2818138, at *1 (E.D.N.Y. June 3, 2024) (quoting *Amanda M. v. Kijakazi*, No. 22-CV-353, 2022 WL 1395941, at *1 (D. Conn. Apr. 29, 2022)). Indeed, Plaintiff's complaint indicates that he has access to a vehicle, which suggests that he has some assets or expenses. (*See* Dkt. 1 at ECF 30; *see also* Dkt. 1-1.)[1] To the extent that Plaintiff relies on another person for support, he is obliged to indicate as much on his application. *Jones*, 2024 WL 2818138, at *1 ("One potential

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

explanation, which 'a court may consider' when 'assessing an application to proceed *in forma pauperis*,' is that the applicant has access to resources 'from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.'" (quoting *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002))).

## CONCLUSION

Accordingly, Plaintiff's IFP application is denied. Plaintiff is granted until July 21, 2024, to file a new Long Form IFP application that provides the information necessary to make an indigency determination, such as an explanation of how Plaintiff supports himself, or to pay the $405.00 filing fee. Plaintiff is warned that failure to comply with this Order shall result in the dismissal of this action.

The Clerk of Court is respectfully directed to mail a Long Form IFP application to Plaintiff, along with a copy of this Order, and note the mailing on the docket. All further proceedings shall be stayed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 1, 2024
      Brooklyn, New York

3